**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **)** |
| | **)** |
| **v.** | **) Crim. No. 06-026-01 (CKK)** |
| | **)** |
| | **)** |
| **PETER TURNER, et al.,** | **)** |
| | **)** |
| | **)** |
| **Defendant.** | **)** |
| _____ | **)** |

**DEFENDANT PETER TURNER'S OPPOSITION TO GOVERNMENTS MOTION TO
ADMIT EVIDENCE PURSUANT TO F.R.E. 404(b).**

Defendant, Peter Turner, by and through the undersigned attorney, respectfully requests that

the Court deny the government's Motion to admit pursuant to the Federal Rules of Evidence

Sections 404(b) and 609(b) evidence of the defendant's prior convictions for Larceny and Bribery in

the United States Court of Military Justice, U.S. Army, Fort Belvoir, Virginia, on February 12,

1972. In support of his opposition, the defendant states as follows:

**I. BACKGROUND**

1. On February 9, 2006, Mr. Turner was arraigned on a three count indictment in which he

is charged in Counts One with Conspiracy to Defraud a Federal Employee Group Life Insurance

(FEGLI) provider [Title 18, U.S.C. Sec. 371] and, in Count Three with Bribery of a Public Official

[Title 18, U.S.C. Sec. 201]. The indictment charges that defendant Turner, engaged in a conspiracy

with co-defendants Andrews and Leonard during December 2000, which caused a fraudulent

FEGLI Beneficiary Designation Form to be filed in the personnel records of Vester Mayo, a

licensed practical nurse, at the Department of Veterans Affairs Medical Center in Washington, D.C.

( See Gov't Motion at pp. 3-5.) It is the governments contention that as result of this alleged

falsification of Ms. Mayo's, personnel records, defendant Turner was wrongfully designated a 50%

beneficiary of Ms. Mayo's life insurance policy and was paid $20,500 in insurance benefits shortly

after Mayo's death from natural causes on December 22, 2000.

2.  The government further alleges that the signatures of Ms. Mayo's and the VA personnel

administrator contained on the FEGLI Beneficiary Designation Form granting Mr. Turner an

interest in Ms. Mayo's life insurance proceeds, are forgeries.   The government further alleges that

during January of 2001, Mr. Turner wrote a check to co-defendant Andrews in the sum of $1,000

which they construe as an unlawful gratuity/bribe for arranging the substitution of the disputed

FEGLI Beneficiary Designation Form.  During the time period relevant to these events, co-

defendant LaTanya Andrews was employed with the personnel division of the VA Medical Center.

The government also contends that at some ;point later in 2001, defendant Turner, paid a $1,000

gratuity to co-defendant Thelma Leonard and her now deceased husband for signing, as witnesses,

the disputed FEGLI Beneficiary Form of Vester Mayo.

3.  The government argues that Mr. Turner's 1972 military convictions are admissible as

evidence of "other criminal conduct" in this case under  the balancing test established in Rule

404(b)[1], and that the probative value of these "prior bad acts" as to Mr. Turner's motive, intent and

credibility, substantial outweigh any unfair prejudice flowing from the admission of these "ancient"

convictions

4.  The allegation of misconduct disclosed in the court marshal proceeding was that on

September 27, 1971, while station at he US Army Depot in Long Binh, Republic of Vietnam,   SP5

Peter Robert Taylor and SSG Lester Robinson:

---

[1]  The government has withdrawn its request pursuant to Rule 609(b) to have Mr. Turner's
02/12/72 UCMJ convictions for Larceny and Attempt Bribery (U.S. Army CMJ, Ft. Belvior , Va.) also
admitted after review of the of Clemency Order {DD-Form 1479} vacating these convictions dated
05/22/72.   The government contends that the facts underlying these convictions remains admissible
under Rule 404(b) as "prior bad acts".

"Were in possession of false documents with which they had obtained US Govt property. Continued investigation disclosed that ROBINSON and TURNER attempted to obtain a gate pass to exit USADLB with a truck load of flashlights, valued at $3,340.80, US Govt property. They had used a false Material Requisition Expedite form, DD1348-1 (MRE) to obtain the US Govt property from warehouse #713, USADLB and to obtain the exit pass from USADLB. . . . . . . . . . . .

TURNER offered SSG Frederick R. MOSES, Military Police, USADLB and SP5 Ronnie L. CRAIG, Military Police, USADLB a bribe to release him after he had been apprehended, on 6 SEP 71."as that on September 27, 1971."

US ARMY DA Form 2800, CID REPORT OF INVESTIGATION, #71-CID148-51957, 5NOV 71. (Discovery Doc. N0. 003139).

## II. ARGUMENT AND AUTHORITIES:

5.   The government emphasis that its is seeking admission of the facts of defendant's court marshal convictions for Larceny and Bribery in this case primarily under the **modus operandi** prong of Rule 404(b)'s exceptions to the admission of character evidence**.** Rule 404(b) carves out an exception to the prohibition on evidence of other crimes or bad acts by an accused if such evidence is relevent to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." **See, FRE 404(b)**. The government"s motion should be denied because it cannot show a common scheme or plan, or a sufficiently similar method of execution of a scheme in the defendant's alleged 'prior bad conduct" in Vietnam when compared to the allegation of the instant case to warrant admission of these prior bad acts under the **modus operandi** exception to Rule 404(b).

6.   It is axiomatic that before evidence of other bad acts by an accused may be admitted the Court must determine that such evidence satisfies Rule 403 test of relevance: i.e., is other crimes evidence"relevant to an actual issue in the case, and its probative value must not be out weighed by its unfair prejudice to the defendant." ***United State v. Vaugh, 601 F.2d 42, 45 (2d Cir. 1979). See also, United States v. Mothershed, 859 F.2d 585, 588 (8th Cir. 1988)*** [Conviction reversed where

trial court failed to exclude similar crimes evidence and noting that the "admission of prior bad acts under Fed R. Evid. 404(b) requires that the the evidence be relevant to a material issue, clear and convincing, more probative that prejudicial, and **similar in kind and close in time to the crime charged.**"; **accord,** ***United States v. Manafzadeh, 592 F.2d 81,86 (2d. Cir. 1979)*** [Conviction reversed for erroneous admission of other crimes evidence and emphasizing that "other crimes evidence may not be received unless it is relevant to an actual issue in the case and unless its probative value on that issue is not out weighed by its unfair prejudice to the defendant."]

7.  The gist of the government claim of admissibility for defendant's Vietnam-era military misconduct is that its involved a effort to wrongfully obtain government property (a truck-load of flashlights worth over $3,000) through falsified requisition documents. Their claim of admissibility under a modus operandi exception collapses when the two alleged offenses are compared for similarities of related means or common methods of advancing a criminal scheme or plan.  **The asserted court marshal misconduct involved, when viewed,** ***arguendo, in the light most favorable to the government, an attempted theft of government property, ostensibly for resale on the black market,  through the use of falsified military requisition orders by service members during the Vietnam War.   The court marshal also involved the allegation that defendant attempted to bribe the arresting Military Police officers  who apprehended him and Staff Sargent Robinson as they sought to drive the truck load of flashlight out of the Army Depot at Long Binh. The charges now before the Court allege that Mr. Turner conspired with others, nearly thirty years later,  to submit a falsified insurance beneficiary designation form and thereby obtain a portion of the federally guaranteed, life insurance proceeds of a person***

**with whom he share a quasi-marital relationship**.[2]

8.  The other crimes evidence which the government seeks to introduce is not probative of any issue material in this case, and should be exclude, in the first instance, under a Rule 403 analysis.  The probative value of the Vietnam court marshal evidence is not out weighed by its unfair prejudice here.  The sole reason that the government seeks to introduce this evidence is for the improper purpose of informing the jury the Mr. Turner has been previously convicted of Larceny and Attempted Bribery, and thereby suggesting, that it is more likely than not that he is guilty of the charged Conspiracy and Bribery offenses in this case.  There is no common nexus or modus operandi observable in these alleged offenses.  The only purpose for which  the government seek admission of the 35 year-old  facts of the court-marshal, for which the defendant was granted clemency, is to show the jury that Mr. Turner has a propensity to falsify government documents in order to obtain an unlawful benefit.  Such propensity evidence is not allowed under Rule 404(b)

9.  In **United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004),** the D.C. Circuit Court of Appeals held that it was improper for the district court to admit evidence of prior gun possession in a weapons prosecution for purposes of showing knowledge, intent and absence of mistake.  The Court stated, "a concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is." **367 F.3d at 946, quoting, United States v. Daniels, 770 F.2d 111, 116 (D.C. Cir. 1985).**   The Court of Appeals articulate the nature of the unfair prejudice flowing from the erroneous admission of other crimes evidence in an earlier ruling, **Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967) cert. denied, 390 U.S. 1029 (1968):**

"A special and even more difficult problem arises [where the government seeks to introduce

---

[2]  The defense will introduce a trial evidence to show that Peter Turner, and Vesta Mayo co-habited in Maryland for approximately three years prior to Mayo's death, commingled monies, and jointly purchased a home, which they shared up to the time of  her death.

under Rule 404(b) a} conviction for the same or substantially the same conduct for which [the accused] is on trial." *Gordon, 383 F.2d at 940.* The Court of Appeals went on the emphasize that in such situations "strong reasons arise for excluding [convictions] which are for the same crime because of the inevitable pressure on lay jurors to believe that "if he did it before he probable did so this time." In order to avoid the prejudice inherent in such similar"other crimes evidence, the Court in *Gordon,* advised that **"as a general guide, those convictions which are for the same crime should be admitted sparingly...**" *Id.*

10.    In, *Daniels, supra, 770 F.2d 1111 D.C. Cir. 1985),* the D.C. Circuit expounded further on the nature of the unfair prejudice attending the admission of other crimes evidence:

> "The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. . . That juries treat prior convictions a highly probative has been confirmed by empirical investigations . . . Such reliance by the trier of fact offends the long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice'"...

*Id., 770 F.2d at 1116 (citations omitted.)*

The Court in *Daniels,* also expressed extreme skepticism about the "efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes evidence." *770 F.2d at 1118.* " To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities". . . and "the naive assumption that prejudicial effects can be overcome by instructions to the jury becomes more clearly than ever 'unmitigated fiction'". *Ibid.* Thus, an instruction to the jury in this case concerning the limited admissibility and use of this "other crimes" and or " prior bad acts" evidence against Mr. Turner would be inadequate to cure the prejudice flowing from its admission and therefore the government should not be permitted to

introduce the facts underlying his Vietnam-era court marshal in this case. *See, United States v. Crawford, (613 F.2d 1045, 1053 (D.C. Cir. 1979)* [The government bears the burden of proof in establishing the admissibility of an accused prior convictions.]

### III. CONCLUSION:

WHEREFORE, in consideration of the arguments and authorities advanced above, this Court should deny the Government Motion to Prior Bad Acts Evidence of Defendant Peter Turner pursuant to FRE 404(b) and prohibit the government from introducing at trial any "prior bad acts" or "other crimes" evidence of the defendant, for any purpose, in this case. The defendant request a hearing on this motion.

Respectfully submitted,

James W. Rudasill Jr. #31811
Counsel for Peter Turner
601 Indiana Avenue, N.W. Ste. 500
Washington, D.C., 20004

### CERTIFICATE OF SERVICE

_____I hereby certify that a copy of the foregoing Motion In Opposition was served by electronic mail to Daniel Petalas and Ann Brickley, Trial Attorneys, U.S. Department Justice, Criminal Division - Public Integrity Section, 1400 New York Ave., N.W., Washington, D.C., 20005, ab=nd all defense counsel of record on this 30th day of June 2006.

_____
James W. Rudasill, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **)** |
| | **)** |
| **v.** | **) Crim. No. 06-026-01 (CKK)** |
| | **)** |
| | **)** |
| **PETER TURNER, et al.,** | **)** |
| | **)** |
| | **)** |
| **Defendant.** | **)** |
| _____**)** | |

**ORDER**

In consideration of the government's Motion requesting the admission of "other crimes" and "prior bad acts" evidence pursuant to Rule 404(b), and the defendant's Motion in Opposition thereto, and after consideration of the evidence and arguments presented at any hearing on said Motions, it is this

_____ day of _____ , 2006 hereby,

**ORDERED**, that the governments's Motion is **DENIED,** and that the government is precluded from introducing any evidence concerning the facts or circumstances of  Mr. Turner's convictions by **General Court Marshal in the United States Army, Court of Military Justice on, or about February 12, 1972.**

**SO ORDERED.**          _____

**COLLEN KOLLAR KOTELLY**

United States District Judge

cc: James W. Rudasill, Jr., Esq.

Daniel Petalas, Trial Attorney
Anne Brickley, Trial Attorney
U.S. Department Justice, Criminal Division - Public Integrity Section,
1400 New York Ave., N.W.,
Washington, D.C., 20005.