IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 06-026 (CKK) |
| v. ) | |
| ) | |
| PETER R. TURNER, ) | Goverment's Reply Brief in Support |
| ) | of Its Motion to Admit Evidence |
| LATANYA ANDREWS, and ) | Under Rule 404(b) |
| ) | |
| THELMA LEONARD, ) | |
| Defendants. ) | |
| _____) | |

GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO ADMIT EVIDENCE UNDER RULE 404(b)

The United States of America, by and through its undersigned counsel, respectfully submits this Reply Brief in support of its motion to admit evidence of other crimes, wrongs, or acts pursuant to Fed. R. Evid. 404(b).

On June 30, 2006, defendant Turner filed an Opposition (Docket Entry # 31) to the government's May 26, 2006 Rule 404(b) Notice and Motion (Docket Entry # 23).  In his Opposition, Turner argues that (i) his court-martial convictions for larceny and attempted bribery have been "vacated"; (ii) the prior conduct was not sufficiently similar to the conduct alleged in the Indictment to constitute probative modus operandi evidence; and (iii) the prior conduct and the allegations here are so similar as to be identical, making the evidence concerning those convictions unfairly prejudicial, regardless of any curative jury instruction.  As explained further below, none of those arguments has merit.

**First**, Turner asserts that a May 31, 1972 clemency action rendered by the Prisoner Assignment and Clemency Review Board at the military penitentiary at Fort Leavenworth, Kansas "vacated" his general court-martial convictions.  The government disputes that

contention. When convicted, Turner was sentenced by general court-martial to a minimum length of confinement at hard labor for a full year.[1] On May 30, 2006, the government received a copy of a clemency board action from defendant Turner.[2] The government does not concede that this document demonstrates that the clemency board vacated Turner's convictions, nor does the document indicate that any such action was contemplated. Rather, the board merely recommended "remission of . . . [Turner's] sentence to confinement in excess of nine months," because the "[m]aximum benefits from confinement will be achieved prior to his curren[t] minimum release date.]"[3] Thus, the only effect the clemency action had was to reduce the amount of time Turner was required to serve -- which is irrelevant to whether the prior bad acts and convictions are admissible under Rule 404(b).[4]

**Second**, Turner argues that the evidence of his prior forgery-related scheme is not probative of his modus operandi because the conduct is dissimilar to the conduct charged in the Indictment. Turner asserts that it should therefore be excluded. Turner misconstrues both the

---

[1] See General Court-Martial Order No. 16, at 2 (dated Apr. 1, 1972) [BATES Nos. 3413-3414] (attached as Exhibit A); DA Form 2800, CID Report of Investigation (dated Jan. 28, 1972) [BATES Nos. 3138-3144] (attached as Exhibit B).

[2] See DD Form 1479, Prisoner Assignment and Clemency Board Action (dated May 31, 1972) [BATES Nos. 3417-3419] (attached as Exhibit C).

[3] Ex. C; see also General Court Martial Order No. 1437 (dated Dec. 14, 1972) [BATES No. 3416] (attached as Exhibit D) ("In the general court-martial case of Specialist Five Peter R. Turner, Jr., . . . the sentence to . . . confinement at hard labor for 1 year . . . has been affirmed pursuant to Article 66. The . . . sentence will be duly executed, but by order of the Secretary of the Army, dated 26 June 1972, so much of the sentence to confinement as is in excess of nine months, was remitted.").

[4] To date, and despite its efforts, the government has not located any record indicating that Turner's court-martial convictions were vacated. Should any such record be obtained, the government will produce it to the defense and re-assess its position on the Rule 404(b) motion accordingly. At present, however, the government is not aware of any evidence indicating that Turner's convictions were overturned or vacated.

2

government's position and the nature of the prior conduct. As the government explained in its initial brief, "Turner's prior court martial convictions and the acts leading to them are . . . relevant to the non-character issues in this case of his intent, knowledge, plan, identity, modus operandi, and lack of mistake." See Gov't 404(b) Mot. at 8. Thus, the evidence is offered for more than just its value as modus operandi evidence.

Also, the scheme underlying the general court martial convictions is remarkably similar to the scheme alleged in the Indictment. In both instances, Turner attempted to circumvent known government procedures and safeguards by submitting fabricated forms, which were necessary to obtain property that Turner intended to convert to his own use. In the prior instance, he created and forged a Material Requisition Expedite form to fraudulently obtain government property from a military warehouse and remove it from the base. When his scheme was uncovered, he attempted to bribe an official to protect himself. In the present case, he caused a FEGLI Designation of Beneficiary form to be forged, obtained signatures from false witnesses, then bribed a public official to cause it to be placed in the personnel folder of the insured so he could fraudulently make a claim for life insurance benefits. The two schemes, though obviously not identical, are similar both in object and method. Accordingly, the prior fraudulent scheme is probative evidence not only of Turner's modus operandi, but also of his intent, knowledge, plan, identity, and lack of mistake concerning the operation of forgery and bribery schemes.

**Third**, Turner contends that, rather than being dissimilar, the prior conduct and convictions are in fact identical to the violations charged in the Indictment. As such, he claims that it would be unfairly prejudicial to admit that evidence because the jury will likely use it for an improper "propensity" purpose regardless of the Court's instructions to the contrary.

3

As an initial matter, the Rule 403 balancing test provides that relevant evidence is presumptively admissible, even though prejudicial, unless the danger of unfair prejudice substantially outweighs the probative value of the evidence. See Fed. R. Evid. 403. All material evidence is, of course, prejudicial, and even a danger of "unfair" prejudice is acceptable where the probative value of the evidence is strong. That is particularly true in light of the Court's ability to provide the jury with cautionary instructions, which the law presumes will be followed. United States v. Cassell, 292 F.3d 788, 796 (D.C. Cir. 2002)

Further, the cases cited by Turner do not stand for the proposition he avers. In United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004), a felon-in-possession case, the court held that admission of evidence concerning a prior gun possession to prove intent, knowledge, or lack of mistake was improper because -- on that record -- no reasonable juror could possibly conclude that any of those issues were unproven.[5] Linares case does not hold, or even suggest, that evidence of prior wrongs, crimes, or acts is inadmissible, despite its relevance to non-character issues in dispute, simply because the prior conviction is "identical" to the present charge. Turner's contention otherwise flies in the face of both the Rules and the controlling law. See Gov't 404(b) Mot. at 3-5.

Further, the cases cited by Turner were on different footing altogether. None of them involved evidence of similar prior schemes that, like the charged scheme, required relatively elaborate planning, deliberation, and operation. (Indeed, United States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985) addressed the question of severance, not a Rule 404(b) challenge.) Finally,

---

[5] The government also notes that Turner does not foreswear that state of mind and method will be issues in the trial of the present case, nor could he. To the contrary, there is every reason to believe that the jury's deliberations concerning the charged multi-object conspiracy -- which requires proof of an agreement and includes as one of its objects the intent to defraud the United States -- may very well turn on the jury's view of the evidence presented concerning Turner's state of mind and methods.

4

although the schemes and counts of conviction are similar in this case, they are not in fact identical, as often they are in felon-in-possession cases such as Linares.

For all of these reasons, then, the danger that the jury would convict Turner simply because of his prior adjudication of guilt by court martial is much less acute in the present case than in non-scheme cases such as those cited by Turner.  By the same token, the probative force of the proffered prior bad acts evidence on state-of-mind and method-related theories is much more powerful than it would be in cases where multi-layered schemes to defraud are not charged.  Therefore, the Court should not exclude the evidence merely because the prior convictions for larceny and attempted bribery and the currently charged conspiracy and bribery crimes both involve forgery-related fraud and bribery schemes.  Rather, that is the very reason they should be admitted.  Cassell, 292 F.3d at 795 ("In performing the balancing test required under Rule 403, it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (citations and internal quotation marks omitted).

Ultimately the admissibility of the proffered 404(b) evidence in this case turns on whether, in the view of the Court, the age of the prior bad acts upsets Rule 403's presumption favoring admissibility of relevant evidence.  For the reasons explained at length in the government's brief, including the elaborate nature of each of the two schemes, the deliberation and planning they required, their similarity in methods and objects, and the purpose of the Rules to admit relevant evidence in all but extraordinary circumstances, the Court should find under Rule 403 that the age of the prior acts evidence does not substantially outweigh its probative force on the non-character theories for which it is offered, and that it is accordingly admissible under Rule 404(b).  See Gov't 404(b) Mot. at 3-5, 8-9.

5

## CONCLUSION

The government respectfully requests that the Court grant its pre-trial motion to admit the evidence of prior bad acts concerning Turner's court-martial convictions pursuant to Rule 404(b).

Dated: July 7, 2006

                                                  Respectfully submitted,

                                                  BRENDA K. MORRIS,
                                                  Acting Chief


                                                    /s/  Daniel A. Petalas
                                                  Daniel A. Petalas
                                                  DC Bar No. 467908
                                                  Ann C. Brickley
                                                  Trial Attorneys
                                                  Public Integrity Section
                                                  Criminal Division
                                                  United States Department of Justice
                                                  10th Street and Constitution Avenue, NW
                                                  Washington, DC 20530
                                                  202-514-1412
                                                  202-514-3003 (facsimile)
                                                  Dan.Petalas@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned counsel for the government hereby certifies that he caused a true and correct copy of the foregoing to be served upon the following counsel of record by electronic mail at the addresses listed below through the automated electronic case filing system of the Court, this 7th day of July, 2006:

James W. Rudasill, Jr., Esq.
717 D. Street, NW, Suite 310
Washington, DC 20004
rudasilljr7@aol.com
Counsel for Peter R. Turner

Nathan I. Silver, Esq.
P.O. Box 5757
Bethesda, MD 20824
nisquire@aol.com
Counsel for LaTanya Andrews

Howard Katzoff, Esq.
717 D. Street, NW, Suite 310
Washington, DC 20004
katzoffh@aol.com
Counsel for Thelma Leonard

   /s/ Daniel A. Petalas
Daniel A. Petalas
Trial Attorney