UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 06-026-01 (CKK) |
| | ) |
| PETER TURNER, et al., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT PETER TURNER'S MOTION FOR JUDGMENT OF ACQUITTAL
PURSUANT TO F.R.Crim.P. 29 (b) and (c)).**

Defendant, Peter Turner, by and through the undersigned attorney, respectfully requests that the Court to set aside the guilty verdicts as to Counts One - Conspiracy (18 U.S.C. Sec. 371) and Count Three- Bribery (18 U.S.C. Sec. 18) returned by the jury in this case on July 31, 2006, and enter judgments of acquittal as to each count.

First, the government's evidence at trial failed to establish the existence of a conspiracy, tacit or otherwise, between Mr. Turner and Ms. Andrews, and others during the period of December 8, 2000 through on or about January 10, 2000.  Nor did it, the Government, establish the existence of an overt act by either Mr. Turner or Ms. Andrews in furtherance of the alleged conspiracy during the relevant time period.

Second, the government failed to establish the existence of a criminal agreement between Mr. Turner and Ms. Andrews or between the principle defendants and any other person.

Third, the government produced no evidence to substantiate the allegation that defendant Peter Turner conspired with any other person to "falsely designate himself as a beneficiary entitled to receive fifty (50) percent of Vester Mayo's FEGLI life insurance benefits on an SF-2823, Designation of Beneficiary form."

Fourth, the government produced no evidence to sustain the allegation that defendant Turner "cause to be forged the signatures of Vester Mayo and an authorized official of the human resources office of DVAMC on the Designation of Beneficiary form."

Fifth, the government produce not evidence at trial to substantiate, beyond a reasonable doubt, that between December 8, 2000, and January 2001, defendant Latanya Andrews "used her position and authority as a payroll technician within the human resources office of the DVAMC to cause the fraudulent Designation of Beneficiary form to be placed in the official personnel file of Vester Mayo."   Lacking credible proof of these essential elements of the government claims, its case against both defendants collapses on the grounds that it was built:  The speculative testimony of DVAMC Human Resources Specialist James Lebron.    Mr. Labron offered his opinion of how it might have been possible for Ms. Andrews to access Vesta Mayo Official Personnel Folder ("OPF") without the government ever producing any factual corroboration that any such unlawful access ever occurred.  (Tr. Vol-II, 7-25-06, pp. 329 - 416).   These cumulative gaps in the government's proof warrant the strong remedy of the Court entering a directed verdict of acquittal for both Mr. Turner and Ms. Andrews.

II.  **The Controlling Legal Standards - A Jury's Verdict Must Not be Based on Speculation as to any Essential Element of a Charged Offense.**

1. In cases where the evidence would permit the jury to speculate as to the defendant's guilt, the court must not allow the jury to act:

"[A} trial judge, in passing upon a motion for [judgment of ]acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt...[I]f there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted . . .

***Curley v. United States, 160 F.2d 229, 232-33 (D.C. Cir. 1947), cert. denied, 331 U.S. 837 (1947): See also, Cooper v. United States, 680 A.2d 1370, 1371(D.C. 1996):*** Therefore, a Rule

29 Motion "must be granted when the evidence, viewed in the light most favorable to the Government, is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime." ***Austin v. United States, 382F.2d 129138 (D.C. Cir. 1967***), ***overruled in part, United States v. Foster, 783 F.2d 1082 (D.C. Cir. 1986) (en banc).***

    2. Moreover, the D.C. Circuit and the D.C. Court of Appeals have consistently held that a MJOA is properly granted where the government presents no evidence of an essential element of the charged offense. In ***Bolan v. United States, 587 A,2d 458, 459 (D.C. App. 1991),*** a conviction for attempted breaking and entering of a parking meter was reversed because " the government presented no evidence that appellant lacked authority to open the meter") In ***Macklin v. United States, 733 A.2d 962 (D.C. App. 1999)*** a Bail Reform Act conviction was reversed where the government presented no evidence that the appellant failed to appear for noticed court date. In ***United States v. Applewhite, 72 F. 3d 140, 144 (D.C. Cir. 1995)*** the Court held that evidence that the distance between the appellant's address and the nearest school was 920.2 feet along the most direct pedestrian route was not enough to uphold conviction for possession with intent to distribute in a school zone; and that no reasonable jury could infer that the point of possession was within 1000 feet of a school.

    3. In assessing the quality of the evidence, the trial court need not draw any distinction between circumstantial and direct evidence. ***See, United States v. Harris, 435 F.2d 74, 88-89 (D.C. Cir. 1970)*** The evidence presented in the government's case must be "sufficient to enable reasonable jurors ro reasonably infer guilt. ***See, Perry v. United States, 571 A.2d 1156, 1160 (D.C. App. 1990).*** The D.C. Circuit has held that it is only proper for a trial judge to grant a MJOA after the jury's verdict where "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." ***United States v. Lumpkins, 448 F.2d 1085,***

*1091 (D.C. Cir. 1971)* And as further refined in *Crawford v. United States, 375 F.2d 332, 334 ( D.C. Cir. 1967)* the standard for granting a MJOA requires the trial court to consider whether " the evidence was such that a reasonable mind might fairly have a reasonable double, or might not have such doubt.' Id.* When assessing a motion for judgment of acquittal, the court must assume the truth of the government's and give the government the benefit of all legitimate inferences to be drawn from the evidence. *See, Carter v. United States, 591 A. 2d 233, 234 (D.C. App. 1991): Curry v. United States, 520 A.2d 255, 263 (D.C. App. 1987); Shelton v. United States, 505 A. 2d 767, 769 (D.C. App. 1986); but  compare, Farrar v. United States 275 F.2d 868,870 (D.C. Cir. 1959)* [A conviction cannot be based on evidence so incredible or inconsistent that no reasonable mind could find guilt beyond a reasonable doubt.]

### III. The Government Did not Prove the Existence of a Conspiratorial Agreement between Peter Turner and Latanya Andrews, and Others.

4.  The trial's evidence of the existence of a conspiracy between Turner and Andrews hangs on a few slim facts.  First that Andrews and Turner we acquaintances prior to Vester Mayo's death.  That Latanya Andrews work in the Human Resources office at DVAMC.  That within the Human Resources offices there was a file room where all DVAMC employees Official Personell Folders were maintained.  This file room or closet was usually locked after hours.  That Ms. Andrews as a payroll specialist may have had access to the file, if, she requested from a human resources specialist, or, came into the office very early or stayed very late on a occasion when the OPF file room was unlocked.  That at somepoint after Vester Mayo lapsed into a coma on December8, 2000, Andrews requested or obtained a blank Designation of Beneficiary form.  Provided it to Turner or had Turner provide the necessary background information, completed the form.  Andrews, Turner or

some other unknown co-conspirator forged Vester Mayo's signature on the Designation of Benficiary form. And thereafter, Ms. Andrew placed or caused the Designatiion of Beneficiary form to be placed in Ms. Mayo's File. The government present not one shred of direct or circumstantial evidence to established this alleged chain of facts. The government presented no witnesses who saw Ms. Andrews and Mr. Turner in each other's company during the relevant time period other than at Ms. Mayo's funeral.

   5. The smoking gun by which the government sold its case to the jury was in the form of the $1000 check Peter Turner presented to Ms. Andrews as a loan to purchase an auto from the MetLife FEGLI Proceeds account. The Government did not prove that Ms. Andrews did anything as a *quid-pro-quo* for **the loan.** Because Ms. Andrews and Mr. Turner were not strangers and had a prior relationship, the mere fact that this $1000, check constituted the first disbursement made by Turner of the FEGLI benefits does not establish beyond a reasonable doubt that the monies were advanced as a gratuity for the performance of otherwise unproven conspiratorial acts. There are many reasons, consistent with the presumption of innocence, that these funds were advanced to Ms. Andrews. The first one which comes first and easiest to mind is the explanation which she provided to the investigating authorities - - that the $1000 was a loan for the purchase of an automobile.

   **IV.  The Government Handwriting Expert did not identify Mr. Turner or Ms. Andrews as the makers of the forged signature on the Designation of Beneficiary form.**

   Nancy Cox, the government's handwriting expert could not identify Mr. Turner or Ms Andrews as the makers of the alleged forged signature on the Designation of Beneficiary form. (TR. Vol - III, 7-26-06, pp. 586-629 . When specifically question as to whether Turner was the maker of the signature on Government's Exhibit #2 (The Designation of Benficiary form), Ms Cox opined that she could not determine wether or not Peter Turner had made any of the writings on the form

(Tr. Vol-III, 7-26-06, at p. 630.)   The government presented not additional evidence to support the contention that Peter Turner caused the alleged falsification of Ms. Mayo's, Designation of Beneficiary form.   Here the government appearing to rely on the tort-law concept of "Res ipsa Loquitur."   Who other than defendant Turner, who as casted by the governments unsupported arguments,  wrongfully obtained  a 50% beneficiary of Ms. Mayo's life insurance policy and was paid $20,500 in insurance benefits shortly after Mayo's death from natural causes on December 22, 2000.

### III. CONCLUSION:

WHEREFORE, in consideration of the arguments and authorities advanced above, this Court should vacate the defendants convicts and entered judgment of acquittal of all counts in which he was convicted by the jury.  The defendant request a hearing on this motion.


Respectfully submitted,

James W. Rudasill Jr. #31811
Counsel for Peter Turner
601 Indiana Avenue, N.W. Ste. 500
Washington, D.C., 20004

### CERTIFICATE OF SERVICE
_____I hereby certify that a copy of the foregoing Motion  was served by electronic mail to Daniel Petalas and Ann Brickley, Trial Attorneys, U.S. Department Justice, Criminal Division - Public Integrity Section, 1400 New York Ave., N.W., Washington, D.C., 20005, and all defense counsel of record on this 8th day of September 2006.
_____
James W. Rudasill, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Crim. No. 06-026-01 (CKK) |
| | ) |
| **PETER TURNER, et al.,** | ) |
| | ) |
| Defendant. | ) |
| _____) | |

**ORDER**

In consideration of Defendant Peter Turner's Motion for Judgment of Acquittal pursuant to Rule 29 (b) and (c) , and the government's Motion in Opposition thereto, and after consideration of the evidence and arguments presented at any hearing on said Motions, it is this

_____ day of _____ , 2006 hereby,

**ORDERED**, that the defendant's Motion is **GRANTED,** and the jury convictions as to Count One - Conspiracy, and Court Three- Bribery returned on July 31, 2006 are hereby**,**

**VACATED.**

**SO ORDERED.**                              _____
                                                        **COLLEN KOLLAR KOTELLY**
                                                        United States District Judge


cc: James W. Rudasill, Jr., Esq.

Daniel Petalas, Trial Attorney
Anne Brickley, Trial Attorney

U.S. Department Justice, Criminal Division - Public Integrity Section,
1400 New York Ave., N.W.,
Washington, D.C., 20005.