UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | )( | |
| | )( | Criminal No. 06-026-01 |
| v. | )( | Judge Kollar-Kotelly |
| | )( | Sentencing: May 10, 2007 |
| PETER TURNER | )( | |

MOTION TO ENLARGE DEADLINE FOR FILING
MEMORANDUM IN AID OF SENTENCING,
TO UPDATE MEMORANDUM AS NEW INFORMATION
BECOMES AVAILABLE,
AND TO CONTINUE SENTENCING

COMES NOW the defendant, Peter Turner, by and through undersigned counsel, and respectfully requests that this Honorable Court enlarge his deadline for filing a Memorandum in Aid of Sentencing by forty-five days—that is, to May 28, 2007. Mr. Turner makes this request so that undersigned counsel can develop a thorough picture of Mr. Turner's mental and physical health conditions and accurately portray those conditions to the Court at the sentencing hearing. These conditions are complicated and serious. Moreover, there are some apparent factual inaccuracies in the Pre-Sentence Investigation report that require some time to investigate and disprove. Additionally, Mr. Turner is scheduled to undergo some important medical tests in June of this year. It is believed that the results of these tests will be highly relevant for sentencing purposes. For this reason, Mr. Turner asks that he be allowed to supplement his Memorandum in Aid of Sentencing with information from these tests as that information becomes available. Also, Mr. Tuner requests that his sentencing hearing be continued to a date in July so that information from the tests will be available at sentencing. In support of these requests, Mr. Turner would show that:

1. On July 31, 2006, a jury found Peter Turner guilty in this case on one count of conspiracy (18 U.S.C., Section 371) and one count of bribery (18 U.S.C., Section 210(b)(1)).

2. On approximately February 25, 2007, undersigned counsel was appointed to represent Mr. Turner. Counsel took the case over from the attorney who had represented Mr. Turner at trial.

3. Sentencing is currently scheduled for May 10, 2007. Mr. Turner's Memorandum in Aid of Sentencing was due on April 13, 2007.[1]

4. Mr. Turner suffers from a host of mental and physical health problems. The mental health problems stem for two combat tours of duty that Mr. Turner did in Vietnam from 1970 to 1972.[2] In talking to Mr. Turner, his friends, and his family members, undersigned counsel has learned Mr. Turner's mental health condition is long-standing and quite serious. Obviously, Mr. Turner's mental health condition is highly important for sentencing purposes—if for no other reason than to simply determine what facility the Court should recommend Mr. Turner be incarcerated at. Moreover, it cannot be ruled out at this point if Mr. Turner's mental health condition might warrant a downward departure from the sentencing guidelines under the diminished capacity exception. U.S.S.G., Section 5K2.13. Accordingly, Mr. Turner's mental health condition is something that needs to be thoroughly explored.[3]

---

[1] Undersigned counsel had hoped to file the instant motion on Friday, April 13, 2007. However, because of some unexpected developments in another case that needed counsel's urgent attention, counsel was not able to write and file this motion until Monday, April 16, 2007—one business day later.

[2] For reasons that are not clear, the Pre-Sentence Investigation (PSI) report fails—apart from stating that Mr. Turner was in the Army from 1966 to 1972, PSI report at 10—to make any reference to the extraordinary service that Mr. Turner performed for his country and to consider the impact that that service has had on his life.

[3] The PSI report makes only passing and superficial references to Mr. Turner's mental health problems. See PSI at 7, 9.

5.      As significant as Mr. Turner's mental health condition is, a more pressing issue is posed by Mr. Turner's physical health condition. Attached is a letter from Marshall Balish, M.D., Ph.D. Attachment, Letter from Doctor. Doctor Balish is one of Mr. Turner's doctors at the Veterans Administration Medical Center here in Washington. It is submitted that the letter makes clear that Mr. Turner's medical situation is serious enough to warrant undersigned counsel thoroughly developing a complete picture of Mr. Turner's physical condition so that the Court can be properly advised at the sentencing hearing. At present, undersigned counsel has not yet been able to develop a complete picture of Mr. Turner's medical situation because counsel has not yet been able to speak to all of Mr. Turner's health providers. It is quite possible that Mr. Turner's medical condition is serious enough to warrant a downward departure from the sentencing guidelines. Additionally, Mr. Turner's condition might warrant the Court placing Mr. Turner on home detention in lieu of incarceration. See U.S.S.G., Section 5H4.1. Accordingly, once counsel gets a good handle on Mr. Turner's medical condition, counsel will also need to investigate whether of not the Bureau of Prisons can accommodate Mr. Turner.[4]

6.      At this point, it should be brought to the Court's attention that Mr. Turner's medical condition is currently in the process of being re-evaluated and re-diagnosed. Currently, Mr. Turner is scheduled to go to the Veterans Administration hospital in Jefferson, New Jersey to undergo evaluations to determine the cause of apparent neurological problems that he has recently developed. This test is scheduled for June 21, 2007. Additionally, on June 23, 2007, Mr. Turner is scheduled to undergo tests here in Washington to evaluate some suspected nerve damage and his inability to control his bodily functions. It is hoped that, after these tests have

---

[4] Just as with Mr. Turner's mental health condition, the PSI report's references to Mr. Turner's physical problems are passing and superficial. See PSI report at 7, 8.

been preformed, an accurate and updated picture of Mr. Turner's health situation can be presented. It is apparent to undersigned counsel that, even in the brief time that counsel has known Mr. Turner, his health situation has deteriorated.

7. The Pre-Sentence Investigation (PSI) report contains a number of representations that counsel believes are unfairly incomplete if not totally inaccurate. For instance, the only details that the PSI report provides about Mr. Turner's military service concern some legal problems that Mr. Turner got into when he was in the service. See PSI report at 6. The PSI report does nothing to detail the extraordinary service that Mr. Turner performed for his country during his two combat tours of duty in Vietnam from 1970 to 1972. Indeed, apart from stating that Mr. Turner reported that he used marijuana while he was stationed in Vietnam, see PSI report at 9, the PSI report makes no mention of the fact that Mr. Turner ever served in Vietnam. Moreover, the PSI report states that Mr. Turner received a "Bad Conduct discharge." See PSI report at 10. However, the truth is that Mr. Turner was honorably discharged from the service. Undersigned counsel is currently in the process of obtaining Mr. Turner's service and discharge papers.

WHEREFORE, the defendant, Peter Turner, requests that this Honorable Court give him an additional forty-five days in which to file a Memorandum in Aid of Sentencing. This will allow undersigned counsel time to develop a thorough picture of Mr. Turner's mental and physical health conditions and accurately portray those conditions to the Court at the sentencing hearing. Additionally, this will give counsel time to investigate the accuracy of certain representations in the PSI report that appear to be incomplete if not wholly inaccurate. Moreover, Mr. Turner requests that he be allowed to supplement his Memorandum in Aid of

Sentencing, once it has been submitted, with new information as that information becomes available. This will allow Mr. Turner to incorporate information from the June medical tests into the memorandum. Finally, Mr. Turner moves the Court to continue his sentencing hearing to a date in July. This will make sure that information from the June medical tests can be considered at sentencing.

                Respectfully submitted,

                _____/s/_____
                Jerry Ray Smith
                D.C. Bar # 448699
                Counsel for Peter Turner
                717 D Street, N.W.
                Suite 400
                Washington, D.C. 20004
                Phone: (202) 347-6101