69 Fed.Appx. 74                                                                                                                Page 1
69 Fed.Appx. 74, 2003 WL 21363403 (C.A.3 (Pa.))
**(Cite as: 69 Fed.Appx. 74)**

U.S. v. Parasconda
C.A.3 (Pa.),2003.
This case was not selected for publication in the Federal Reporter.NOT PRECEDENTIAL Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)
United States Court of Appeals,Third Circuit.
UNITED STATES of America,
v.
Dean PARASCONDA, Appellant.
**No. 03-1059.**

Submitted Under Third Circuit LAR 34.1(a) April 3, 2003.
Decided June 13, 2003.

Defendant pleaded guilty in the United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo, J., of aiding and abetting the transport of falsified certificates of titles for motor vehicles and conspiracy, and was sentenced. Defendant appealed his conviction and sentence. The Court of Appeals, Smith, Circuit Judge, held that: (1) district court did not commit plain error in imposing $20,000 fine on defendant, who had agreed to pay restitution of $30,000; (2) district court did not commit clear error in making factual determination that defendant did not play minor role in crimes; and (3) appellate court did not have jurisdiction to review district court's refusal to depart from sentencing guidelines based on extraordinary physical impairment.

Affirmed.
West Headnotes
**[1] Criminal Law 110 €══1042**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
            110XXIV(E)1 In General
                110k1042 k. Sentence or Judgment. Most Cited Cases

District court did not commit plain error in imposing $20,000 fine on defendant who pled guilty to charges of conspiracy and aiding and abetting in transport of falsified certificates of title for motor vehicles under sentencing guidelines, even though defendant did not agree to pay stipulated fine; defendant did not object to district court's finding as to his ability to pay amount of fine at sentencing hearing, and defendant's admission in plea agreement to causing loss of approximately $30,000 and agreement to make full restitution constituted admission of ability to pay in absence of factual finding that he was able to pay. 18 U.S.C.A. §§ 2, 371, 2314, 3572(a)(1-4); U.S.S.G. § 5E1.2(a), (d)(1-7), 18 U.S.C.A.; § 2F1.1 (2000).

**[2] Sentencing and Punishment 350H €══725**

350H Sentencing and Punishment
    350HIV Sentencing Guidelines
        350HIV(B) Offense Levels
            350HIV(B)3 Factors Applicable to Several Offenses
                350Hk725 k. Planning. Most Cited Cases

**Sentencing and Punishment 350H €══764**

350H Sentencing and Punishment
    350HIV Sentencing Guidelines
        350HIV(C) Adjustments
            350HIV(C)3 Factors Decreasing Offense Level
                350Hk764 k. Minor or Minimal Participation. Most Cited Cases

District court did not commit clear error in making factual determination that defendant did not play minor role in crime of conspiracy and aiding and abetting in transport of falsified certificates of title for motor vehicles and by imposing two level increase because offense involved more than one victim and more than minimal planning, even though defendant was only involved in 9% of the cars and purchased the cars rather than altering the titles or rolling back odometers as did co-conspirators; court found that defendant's actions were critical to success of venture and recognized he had knowledge of scope of activities since he brought titles from Pennsylvania to

New York to be altered and returned them to Pennsylvania. 18 U.S.C.A. §§ 2, 371, 2314; U.S.S.G. § 3B1.2, 18 U.S.C.A.; § 2F1.1(b)(2)(A, B) (2000).

**[3] Criminal Law 110 ☞1023(11)**

110 Criminal Law
    110XXIV Review
        110XXIV(C) Decisions Reviewable
            110k1021 Decisions Reviewable
                110k1023 Appealable Judgments and Orders
                    110k1023(11) k. Requisites and Sufficiency of Judgment or Sentence. Most Cited Cases
Court of Appeals did not have jurisdiction to review district court's exercise of discretion to refuse to depart from sentencing guidelines based on defendant's extraordinary physical impairment by considering fact that defendant had back, shoulder, and knee injuries and suffered from hypertension, reflux disease, a bleeding ulcer, generalized anxiety, and post-traumatic stress disorder; defense counsel repeatedly reminded district court that it had discretion to depart from guidelines, and district court's ruling was based on its belief that departure on grounds offered by defendant was legally impermissible. U.S.S.G. § 5H1.4, p.s., 18 U.S.C.A.

On Appeal from the United States District Court for the Middle District of Pennsylvania. No. 01-CR-223. District Judge: The Honorable Sylvia H. Rambo.

Before: MCKEE, SMITH, Circuit Judges, and HOCHBERG,[FN*] District Judge.

    FN* Honorable Faith S. Hochberg, United States District Judge for the District of New Jersey, sitting by designation.

OPINION

SMITH, Circuit Judge.

I. FACTS AND PROCEDURAL POSTURE

**1 From July 1996 through March 1998, appellant Dean Parasconda was part of a criminal conspiracy to sell vehicles with falsified Certificates of Title. The members of the conspiracy purchased high-milage vehicles, rolled back the odometers, forged false ownership and milage information on the Certificates of Title, transported the titles to the Pennsylvania Department of Transportation ("Penn DOT"), "washed" the titles through Penn DOT and sold the vehicles. Parasconda purchased 35 of the 408 vehicles involved in the conspiracy while using a fictitious name, created receipts for these purchases and transported the paperwork from Pennsylvania to New York to be falsified, and returned the paperwork to Pennsylvania.

On October 24, 2001, Parasconda pleaded guilty to a two-count information charging him with aiding and abetting in the transport in interstate commerce of falsified Certificates of Title for motor vehicles in violation of 18 U.S.C. § 2 and 2314, and conspiracy to commit the same in violation of 18 U.S.C. § 371. In his plea agreement, Parasconda acknowledged causing a loss of no more than $120,000, but reserved the right to show that the loss was as low as $30,000. He also agreed to make full restitution according to a schedule to be determined by the Court.

A sentencing hearing was conducted on December 17, 2002. The Court found that the total amount of loss caused by Parasconda with respect to the 35 cars was $44,507. As a result, Parasconda's base offense level of 6 under U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Sentencing Guidelines") § 2F1.1 (1997)[FN1] was increased 5 levels. A two level increase was imposed under § 2F1.1(b)(2)(A) and (B) because the offense involved more than one victim and more than minimal planning. This adjustment was offset by a two level reduction for acceptance of responsibility under § 3E1.1(a). The Court therefore calculated a total offense level of 11 and a criminal history category of I, with a sentencing range of eight to fourteen months and a fine range of $2,000 to $20,000. The District Court then sentenced Parasconda to eight months imprisonment on each count, to be served concurrently, a fine of $10,000 on each of the two counts, a special assessment of $100 on each count and a term of supervised release of two years. The Court ordered payment of the fine in an installment of $5,000 to be paid within six months, followed by minimum monthly installments of *76 $100 during the term of supervised release. The Court declined to order restitution.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> FN1. Because use of the 2002 Sentencing Guidelines at sentencing would have created an *ex post facto* issue, the District Court used the 1997 manual. All references to the Sentencing Guidelines are to that manual.

## II. JURISDICTION

The District Court had jurisdiction over the criminal case pursuant to 18 U.S.C. § 3231. We have jurisdiction over the appeal from sentencing pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III. STANDARD OF REVIEW

We review objections that were not made contemporaneously at sentencing for plain error. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Otherwise, we review the District Court's legal conclusions on the Sentencing Guidelines de novo, and review factual findings under the clearly erroneous standard. *See United States v. Isaza-Zapata,* 148 F.3d 236, 237 (3d Cir.1998); *United States v. Seale,* 20 F.3d 1279, 1284 (3d Cir.1994).

## IV. LEGAL ANALYSIS

*A. The Imposition of a $20,000 Fine*

**\*\*2** [1] Section 5E1.2(a) of the U.S. Sentencing Guidelines Manual states: "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Section 5E1.2(d)(1)-(7) requires that in determining the amount of the fine the court consider factors such as the need for punishment and deterrence, the defendant's ability to pay, the burden the fine places on the defendant and his dependants, any restitution or reparation by the defendant, collateral consequence of conviction, whether the defendant has previously been fined for similar offenses, the expected costs to the government of probation and incarceration and any other equitable considerations. Similarly, 18 U.S.C. § 3572(a) also requires the court to consider "the defendant's income, earning capacity, and financial resources," "the burden the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including the government) that would be responsible for the welfare of any person financially dependent on the defendant," the pecuniary loss inflicted on others as a result of the offense and whether restitution has been ordered or made. 18 U.S.C. § 3572(a)(1)-(4).

A district court must make a finding on the defendant's ability to pay the fine. *United States v. Electrodyne Sys. Corp.,* 147 F.3d 250, 252 (3d Cir.1998); *United States v. Seale,* 20 F.3d 1279, 1284 (3d Cir.1994). But "[w]here the court has created enough of a factual record that it is clear that it considered a defendant's ability to pay, its findings may be deemed adequate." *Electrodyne,* 147 F.3d at 255; *Seale,* 20 F.3d at 1284. We have plenary review over the sufficiency of a district court's findings, and we review the determination that defendant was able to pay a fine and the amount of the fine for clear error. *Seale,* 20 F.3d at 1284. However, since the appellant did not object to the District Court's finding as to his ability to pay or the amount of the fine at the sentencing hearing, we must review for plain error. *See* Fed.R.Crim.P. 52(b) ("plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); *Olano,* 507 U.S. at 732.[FN2] In a plain error **\*77** analysis, the decision to correct the forfeited error is "within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* (quoting *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). Improperly imposing a fine or restitution can constitute an illegal sentence which affects a substantial right and amounts to plain error. *See United States v. Diaz,* 245 F.3d 294, 312 (3d Cir.2001); *United States v. Coates,* 178 F.3d 681, 684 (3d Cir.1999).

> FN2. An objection to the amount of the fine would have been timely at the sentencing hearing after the amount of the fine was announced. *See United States v. Fox,* 140 F.3d 1384 (11th Cir.1998); *United States v. Monem,* 104 F.3d 905, 911 (7th Cir.1997) (reviewing fine amount for plain error where defendant "did not object to the imposition

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of the fine at sentencing"). Parasconda did write a letter to the Court requesting a hearing on his ability to pay the fine, but this letter was not entered into the docket until December 19, and the judgment order was entered two days earlier-on December 17.

Here, the District Court did not discuss Parasconda's finances and merely stated that it "adopts the factual findings in the guideline application in the pre-sentence report" and "finds that the defendant has the ability to pay a fine." Parasconda suggests that the factual findings in the Pre-Sentence Report ("PSR") do not support a conclusion that he is able to pay a fine in the amount of $20,000, and points out that the PSR only recommends a "minimal" fine.

**\*\*3** The government argues that since Parasconda admitted in his plea agreement to causing a loss of approximately $30,000 [FN3] and agreed to "make full restitution in accordance with a schedule to be determined by the court" he implicitly admitted his ability to pay a fine of $20,000 and the District Court did not have to make any factual findings on ability to pay or consider the other factors in U.S.S.G. § 5E1.2(d) and 18 U.S.C. § 3572 relevant to deciding the amount of a fine. In *Electrodyne,* the parties stipulated in the plea agreement that $140,000 was an appropriate fine, but the district court imposed a one-million dollar fine. This Court stated: "[i]f the judge accepts the negotiated fine, no detailed finding of ability to pay is necessary because the defendant has implicitly acknowledged its ability by virtue of the agreement." *Id.* at 254-55. On its face, this situation is distinguishable from *Electrodyne* since Parasconda did not agree to pay a stipulated fine amount but merely agreed to make "full" restitution. However since the District Court declined to impose any restitution,[FN4] but only imposed a fine, appellant's promise to make full restitution for a loss that was larger than the amount of the fine constitutes an admission of ability to pay and no factual finding was necessary. Thus, the court did not commit plain error.

> FN3. Specifically, the agreement stated that the amount of loss attributable to the defendant "is no more than $120,000" and defendant reserved the right to "demonstrate that the amount of loss is approximately $30,000."

> FN4. The District Court declined to impose mandatory restitution because "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3)(B).

*B. Minor Participant*

[2] Section 3B1.2 of the Sentencing Guidelines provides for a two-level reduction in offense level if the defendant was a "minor participant" in the criminal activity and a four level reduction in offense level if the defendant was a "minimal participant" in the criminal activity. *See* U.S.S.G. § 3B1.2. The guideline application notes state that "a minor participant means any **\*78** participant who is less culpable than most other participants but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 3.

A minor role adjustment is only available to a defendant involved in concerted criminal activity with other participants, whose role is minor in comparison to those other participants. *See Isaza-Zapata,* 148 F.3d at 238. In assessing eligibility for a minor role adjustment, this Court has recommended that district courts apply the following three factors to determine the defendant's relative culpability:
1) the nature of the defendant's relationship to the other participants;
2) the importance of the defendant's actions to the success of the venture; and
3) the defendant's awareness of the nature and scope of the criminal enterprise.

*United States v. Headley,* 923 F.2d 1079 (3d Cir.1991). It is defendant's burden to prove that he is entitled to the adjustment. *See Isaza-Zapata,* 148 F.3d at 240.

In addition, this Court has noted that
the mere fact that a defendant was less culpable than

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

his co-defendants does not entitle the defendant to "minor participation" status as a matter of law ... If this were the case, then the least culpable member of any conspiracy would be a minor participant, regardless of the extent of that member's participation. We reject this approach because there are varying degrees of culpability present in virtually every criminal conspiracy.

**\*\*4** *United States v. Brown,* 250 F.3d 811, 819 (3d Cir.2001) (internal citations omitted).

Because the District Court's determination that Parasconda did not play a minor role was primarily factual in nature, we review it for clear error. *See, e.g., United States v. Perez,* 280 F.3d 318, 351 (3d Cir.2002). "A decision is clearly erroneous if the reviewing court is left with the definite and firm conviction based on all the evidence that the trial court made a mistake." *Id.*

Here, the District Court had the following discussion with respect to a two-point increase under Section 2F1.1(b)(2), which is given if the offense involved "more than minimal planning or a scheme to defraud more than one victim."

With regard to the request that you not be assessed two points under guideline 2F1.1 because you allege his involvement was limited to simply purchasing the vehicles, he did purchase them, but it was necessary in this whole scheme of things that without his involvement the whole thing could not have come about.

Also I would point out that you took the titles to New York to be altered after you bought them in Pennsylvania and then they were delivered to other conspirators, the washing through PennDOT. Also, there was more than one victim involved, and this was over a period of time.

So I think that the two points, as well as your objection number three-excuse me-the two points are properly supported by the fact that there were acts over a period of time, you defrauded more than one victim, and it was necessary under the scheme of things that your participation was essential.

I would point out in a case similar to this, that I decided in *United States v. Johnson*[FN5] which was decided October 18, 2002, it is a nonprecedential opinion but the very same argument made by this defendant concerning his role in the **\*79** offense, this Court was upheld by adding the two points for role in the offense.[FN6]

> FN5. This refers to the case against appellant's coconspirator, Wesley C. Johnson.
>
> FN6. Actually, this is a misstatement. This court did not uphold a two-point enhancement, but rather upheld the district court's refusal to award a two-point downward adjustment for being a "minor participant."

The District Court did not separately address the minor participant claim under U.S.S.G. § 3B1.2, but the following exchange took place between the government and defense attorney: "Mr. Cecchi: Judge, in connection with the 2F1.1 adjustment for more than minimal planning, we have resolved the issue of minor participant as well? The Court: Yes."

Parasconda argues that the District Court erred in confusing Sections 2F1.1(b)(2) and 3B1.2, and in failing to assess his level of culpability with respect to the other co-conspirators, or his knowledge of the scope of the conspiracy. Parasconda alleges that he was a minor participant because he was "unaware of the exact logistics of the scheme," lacked "knowledge and understanding of the overall enterprise," and his level of culpability was much less than the other co-conspirators because he only purchased 35 cars, and the other conspirators actually altered the titles, rolled back the odometers, washed the titles and sold the vehicles.

Even though the District Court combined its discussion of the minimal participant and minimal planning standards, reversal is not warranted since a district court does not commit clear error by failing to explicitly address all the factors laid out in *Headley. See United States v. Carr,* 25 F.3d 1194, 1208 (3d Cir.1994). The District Court still found that Parasconda's actions were critical to the success of the venture and recognized that he had some knowledge of the scope of the activities, since he brought the titles from Pennsylvania to New York to be altered and then back to Pennsylvania to be "washed."

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**\*\*5** While a defendant whose actions are necessary for the success of a conspiracy can still be a "minor participant", the necessity of defendant's actions combined with a knowledge of the scope of the conspiracy generally precludes minor participant status. *Compare Isaza-Zapata,* 148 F.3d at 238 (holding that a legal interpretation of the guidelines which denies minor role adjustments to all drug couriers because they are "essential" would be erroneous), *with United States v. Perez,* 280 F.3d 318, 352 (3d Cir.2002) (no clear error in denying a minor role reduction to defendants who knew of scope of conspiracy and performed a different role than other co-conspirators but without which "the conspiracy could not have succeeded"). In addition the fact that a defendant played a smaller role than other co-conspirators does not prove that he is less culpable if he is aware of the scope of the conspiracy. *See Perez,* 280 F.3d at 323-25, 352 (a defendant who only housed a drug courier but was present at kingpin's house when significant drug transactions were taking place was not a minor participant because he was no less culpable than other conspirators).

Here, the fact that Parasconda was involved with only 9% of the cars and only purchased those cars, rather than altering the titles or rolling back the odometers, does not make his culpability so small in comparison to the other co-conspirators that he is clearly entitled to "minor participant" status. Moreover, there is evidence suggesting that Parasconda's role was necessary to the conspiracy and that he had some knowledge of the scope of the conspiracy. Therefore, because the evidence in this case does not leave us with a definite**\*80** and firm conviction that Parasconda was a minor participant, the District Court's conclusion was not clearly erroneous.

*C. Downward Departure for Extraordinary Medical Condition*

[3] Section 5H1.4 of the U.S. Sentencing Guidelines Manual provides: "[A]n extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." Parasconda argues that the District Court erred in its consideration of whether he was entitled to a downward departure under Section 5H1.4. Specifically, Parasconda asks that we require the District Court to take into account non-medical issues in determining whether to grant a 5H1.4 departure such as: his status as a first time offender who committed a non-violent crime, that his family lives on his disability benefits, that his brother is living his final days in search of a heart donor, and the fact that he is at risk of being victimized while in prison.

The PSR stated that Parasconda was injured while working at the Fulton Fish Market in 1991. He sustained serious damage to his shoulder, neck, back and knees, which disabled him and required multiple surgeries and physical therapy. The Social Security Administration awarded him permanent disability benefits based on its conclusion that he was totally disabled. Parasconda also had hypertension, reflux disease, a bleeding ulcer and suffered from persistent generalized anxiety, post-traumatic stress and moderate-to-severe depression. Based on these diseases and injuries, Parasconda requested that the court grant a downward departure under Section 5H1.4. The District Court denied this request.

**\*\*6** Our jurisdiction to consider Parasconda's argument that he is entitled to a downward departure based on an extraordinary medical condition depends on the basis for the District Court's ruling. *See United States v. Stevens,* 223 F.3d 239, 247 (3d Cir.2000); *United States v. Denardi,* 892 F.2d 269, 271-72 (3d Cir.1989); *see also United States v. Ruiz,* 536 U.S. 622, 122 S.Ct. 2450, 2454, 153 L.Ed.2d 586 (2002) (noting that "[e]very Circuit has held that [18 U.S.C. § 3742] does not authorize a defendant to appeal a sentence where the ground for appeal consists of a claim that the district court abused its discretion in refusing to depart"). Where a district court's ruling is based on the court's belief that a departure on the grounds proffered by the appellant is legally impermissible, we have jurisdiction "to determine whether the district court's understanding of the law was correct." *Stevens,* 223 F.3d at 247 (*citing United States v. Mummert,* 34 F.3d 201, 205 (3d Cir.1994)). We lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warran-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ted. *See United States v. Hernandez,* 218 F.3d 272, 281 (3d Cir.2000); *Stevens,* 223 F.3d at 247; *Denardi,* 892 F.2d at 272. "If the district court's stated reasons are ambiguous, so that the record does not reflect whether the court's denial is based on legal or discretionary grounds-then the proper remedy is to 'vacate the sentence and remand for the district court to clarify the basis for its ruling.' " *Stevens,* 223 F.3d at 247 (*quoting Mummert,* 34 F.3d at 205).

Here, the defense counsel repeatedly reminded the District Court that it had discretion to depart and the Court did not say anything suggesting that it disagreed with this statement. In denying the motion for downward departure, the Court stated: **\*81** "The Court has not granted a reduction for medical reasons. The Court believes that the federal penal institution can provide adequate care to the defendant. The Court will note in its recommendation to the Bureau of Prisons that special consideration be given to his medical needs ..." This demonstrates that the District Court recognized that it had the legal authority to grant a further downward departure for an extraordinary medical condition, but decided departure was not warranted. Thus we are without jurisdiction to review the Court's exercise of discretion.

### V. CONCLUSION

The District Court's fine and sentence will be affirmed.

C.A.3 (Pa.),2003.
U.S. v. Parasconda
69 Fed.Appx. 74, 2003 WL 21363403 (C.A.3 (Pa.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.