HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 06-CR-026 |
| vs. | : | SSN: _____ |
| TURNER, Peter | : | Disclosure Date: May 9, 2007 |

**FILED**

JUL 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ✓ ) There are no material/factual inaccuracies therein.
(   ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____        5/17/2007
Prosecuting Attorney              Date

### For the Defendant

(CHECK APPROPRIATE BOX)
(   ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

X_____  _____        _____  5/18/07
Defendant                 Date            Defense Counsel           Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **May 18, 2007**, to U.S. Probation Officer **Kelli Cave**, telephone number **(202) 565-1357**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

Paragraphs 12, 14, and 21—Mr. Turner did not intimidate or try to intimidate a witness, and he should not be given a two-level increase in his offense score for obstruction of justice. The witness in question is James Lebron. After Mr. Lebron had testified before the grand jury in this matter, he encountered Mr. Turner in a hallway at the Veterans Administration medical facility here in D.C. Mr. Lebron works at the V.A., and Mr. Turner is a patient at the V.A. and also a volunteer there. When Mr. Lebron and Mr. Turner encountered each other in the hallway at the V.A., they had a conversation in which Mr. Turner made a comment about going home to get his guns. Attorney Jerry Smith has spoken with Mr. Lebron on May 9, 2007 and May 15, 2007. Mr. Lebron recalls the conversation that he had with Mr. Turner in which Mr. Turner made the statement about his guns. However, Mr. Lebron repeatedly and emphatically told Attorney Smith that he never felt that Mr. Turner was threatening him or trying to intimidate him in any manner with his comments. Mr. Lebron says that, if Mr. Turner's comments are now being construed as having been intended to threaten or intimidate him, then they are being unfairly taken out of context. Mr. Lebron says that, when Mr. Turner made the comments, he was only "venting" and expressing his "frustration" with the fact that he was under investigation. Mr. Lebron says that the conversation was not a hostile one and that he and Mr. Turner parted on good terms. Mr. Lebron also points out that veterans of the Vietnam War like he and Mr. Turner sometimes express themselves in ways that people who are not veterans of that war and who have never been in combat might misunderstand. Mr. Lebron wrote and faxed to Attorney Smith a statement regarding the conversations and interactions he had with Mr. Turner around the time that he testified before the grand jury. See Attachment One, Statement of James Lebron. Mr. Lebron is more than willing to discuss his conversations and interactions with Mr. Turner, and he can be reached at the telephone number he gives in his statement. It should be pointed out that, while the indictment alleges the conversation between Mr. Lebron and Mr. Turner in which Mr. Turner made the statement about the guns as an overt act of the conspiracy, this overt act was never specially found by the petit jury.

Paragraphs 10, 11, 12, 16, and 18—as stated above, the conversation between Mr. Lebron and Mr. Turner in which Mr. Turner made the statement about guns was not any kind of attempt to obstruct justice or impede the investigation that was then going on. Accordingly, it cannot be considered a part of the conspiracy for which Mr. Turner was convicted. Moreover, even if the conversation between Mr. Lebron and Mr. Turner was an attempt to obstruct justice or impede the investigation, it still cannot be considered a part of the conspiracy. The same is true for the false and misleading statements that Latanya Andrews allegedly made to agents from the V.A. As the Supreme Court made clear fifty years ago, where acts to conceal a conspiracy and prevent it from being prosecuted are done after the objectives of the conspiracy have already been achieved, such acts cannot properly be considered a part of the conspiracy because they were not actual objectives of the conspiracy at the time that the conspiratorial agreement was formed. Grunewald v. United States, 353 U.S. 391, 402-06 (1957). Accordingly, the acts that Mr. Turner and codefendant Andrews allegedly engaged in to conceal the conspiracy and prevent it from being prosecuted after the objectives of the conspiracy had been

1

achieved cannot be considered a part of the conspiracy for which Mr. Turner was convicted. This means that, at the latest, the conspiracy ended on February 7, 2001—when Ms Andrews cashed the check that Mr. Turner allegedly gave her as payment for her services in the conspiracy. In 2004, the Sentencing Guidelines were amended to make the Base Offense Level for the conspiracy Mr. Turner was convicted of be 14. Prior to this, the Base Offense Level had been 10. See U.S.S.G., Section 2C1.1, Historical Notes. Since the conspiracy had long been completed before the Sentencing Guidelines were amended to raise the Base Offense Level from 10 to 14, it would violate the ex post facto clause of the Constitution to now figure Mr. Turner's Base Offense Level at 14—instead of 10. U.S. Const. Art. I, Section 9; see also Beazell v. Ohio, 269 U.S. 167, 169-70 (1925) ("a statute... which makes more burdensome the punishment for a crime after its commission... is prohibited as ex post facto"). Accordingly, Mr. Turner's Base Offense Level should be 10—not 14.

Paragraphs 23 and 26—as Mr. Turner's Base Offense Level should be 10 instead of 14 and as Mr. Tuner should not be given a two-point increase for obstruction of justice, his Adjusted Offense Level and Total Offense Level should both be 14—not 20.

Paragraphs 31-38—these paragraphs are intended to detail Mr. Turner's "Personal and Family Data." However, no reference is made to the fact that, while Mr. Turner was in the Army, he served two tours in Vietnam—in 1970-1971 and 1971-1972. This was an extremely significant event in Mr. Turner's life for two reasons. First, just serving in Vietnam during the war there would have been a major event in anyone's life. Second, Mr. Turner's service in Vietnam is where he developed the PTSD for which he has been receiving services from the Veteran's Administration for so long. Mr. Turner is a "Service Connected Disabled Veteran" who receives treatment at the Veterans Administration for service-connected injuries. See Attachment 2, Rating Decision Form from V.A.

Paragraph 51—Mr. Turner has an Honorable Discharge from the Army. Mr. Turner is designated a "Service Connected Disabled Veteran." It is Attorney Smith's understanding that only honorably discharged veterans can receive such a designation. Attorney Smith is in the process of obtaining Mr. Turner's official discharge certificate (form DD-214) from the Army. However, Attachment 2, Rating Decision Form from V.A. appears to bear out the fact that Mr. Turner was honorably discharged from the Army.

May 9, 2007

Mr. Jerry Smith
Attorney-at-Law

RE: Peter Turner

Mr. Smith:

Per our telephone conversation this morning, I hereby voluntarily submit the following statement:

    Mr. Peter Turner has never approached or engaged me with a verbal or non-verbal threat of bodily harm, nor has Mr. Turner displayed aggressive behavior towards me.

No reason exists that I should be in fear for my life as a result of my testimony given before the Grand Jury in this case.

If further information is needed, I may be contacted at (202) 745-8198.

*[signature]*
James Lebron
Human Resource Specialist
VA Medical Center
50 Irving Street NW
Washington, DC 20422

Attachment One

| Rating Decision | Department of Veterans Affairs Washington Regional Office | | | Page 1 01/26/2005 |
|---|---|---|---|---|
| NAME OF VETERAN Peter R. Turner JR | VA FILE NUMBER | SOCIAL SECURITY NR | POA DISABLED AMERICAN VETERANS | COPY TO |

| ACTIVE DUTY | | | |
|---|---|---|---|
| EOD | RAD | BRANCH | CHARACTER OF DISCHARGE |
| 10/31/1966 | 12/19/1972 | Army | Honorable for VA Purposes |

| LEGACY CODES | | | |
|---|---|---|---|
| ADD'L SVC CODE | COMBAT CODE | SPECIAL PROV CDE | FUTURE EXAM DATE |
| | 1 | | None |

JURISDICTION: Reopened Claim Received 10/22/2002

SUBJECT TO COMPENSATION (1. SC)

9411   POST TRAUMATIC STRESS DISORDER
       Service Connected, Vietnam Era, Incurred
       100% from 10/22/1993

COMBINED EVALUATION FOR COMPENSATION:

100% from 10/22/1993

NOT SERVICE CONNECTED/NOT SUBJECT TO COMPENSATION (8.NSC Vietnam Era)

5299-5227   RESIDUAL OF INJURY TO LEFT HAND, FACE, NECK, AND JAW
            1151 Denied, No Causation

5299-5237   LOW BACK DISORDER, RESIDUAL OF COCCYX INJURY
            Not Service Connected, Not Incurred/Caused by Service

5257        BILATERAL KNEE CONDITION
            Not Service Connected, Not Incurred/Caused by Service

5299-5262   BILATERAL LEG CONDITION
            Not Service Connected, Not Incurred/Caused by Service

6099-6000   CORNEAL ABRASION
            Not Service Connected, Not Incurred/Caused by Service

6100        HEARING LOSS
            Not Service Connected, Not Incurred/Caused by Service

6699-6600   LUNG DISORDER DUE TO AGENT ORANGE [Agent
            Orange/Other/Unknown-Agent Orange]
            Not Service Connected, Not Incurred/Caused by Service

Attachment 2